UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GERALD L. WHITEMAN,

    Petitioner,

v.

MAGGIE MILLER-STOUT,

    Respondent.

Case No. C08-1669-JCC-BAT

ORDER OF DISMISSAL

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida ("R&R") (Dkt. No. 18) and Petitioner's Objection to the R&R (Dkt. No. 20).

**I. BACKGROUND**

Petitioner is a Washington State prisoner serving a 180-month sentence pursuant to a conviction on June 15, 2004, for one count of first-degree unlawful possession of a firearm, one count of possession of cocaine with intent to deliver while armed with a firearm, and one count of possession of heroin. (Habeas Petition 1 (Dkt. No. 7).) The state court of appeals affirmed the conviction on October 24, 2005. (*Id.* at 2.) Under Washington's rules, Petitioner had thirty days to petition for review by the state supreme court, *see* WASH. R. APP. P. 13.4(a), but he failed to do so. On November 30, 2005, he moved for an extension of time to petition for discretionary review (Dkt. No. 13-3 at 35), but this motion was denied (Dkt. No. 13-3 at 39). The state court of appeals issued its mandate on January 6, 2006. (Dkt. No. 13-3 at 42.)

Petitioner next filed a personal restraint petition ("PRP") in state court on January 5, 2007.

ORDER – 1

(Dkt. No. 13-14 at 2–24.) After full briefing, petitioner's PRP was dismissed on October 18, 2007. (Dkt. No. 13-17 at 14–18.) Petitioner filed two motions for discretionary review on November 19, 2007, and January 30, 2008, respectively, (Dkt. No. 13-7 at 20; Dkt. No. 13-8 at 2), but these were denied on September 4, 2008. (Dkt. No. 13-10 at 18, 36.) The court of appeals issued a certificate of finality on December 19, 2008. (Dkt. No. 13-10 at 38.)

While review of his PRP was pending, on January 4, 2008, Petitioner filed a motion to modify or correct his judgment and sentence, arguing for the first time that his 180-month sentence exceeded a 120-month statutory maximum. (Dkt. No. 13-10 at 40–41.) The State of Washington moved to transfer Petitioner's motion to the court of appeals for consideration as a subsequent PRP and also explained that his motion failed on the merits because Petitioner's prior drug conviction raised the statutory maximum to 240 months. (Dkt. No. 13-11 at 2–7.) The motion to transfer was granted (Dkt. No. 13-11 at 10–11) and the court of appeals dismissed Petitioner's claim on the merits. (Dkt. No. 13-10 at 13–15.) Petitioner again sought discretionary review by the Washington Supreme Court (Dkt. No. 13-11 at 17–24), and again his request was denied. (Dkt. No. 13-11 at 26–27, 34.) The court of appeals issued a certificate of finality as to this decision on October 29, 2008. (Dkt. No. 13-11 at 36.)

On October 29, 2008, Petitioner filed a petition for writ of habeas corpus in this Court under 28 U.S.C. § 2254. (Dkt. No. 1.) In this petition, he argues that his due process rights were violated because (1) he was not given prior notice that his previous drug conviction would enhance his statutory maximum sentence and (2) he was not given an evidentiary hearing to challenge the finding of his prior conviction. (*See* Dkt. No. 7-2.)

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a one-year statute of limitations on the filing of federal habeas petitions:

ORDER – 2

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) *the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

Judge Tsuchida recommended that the petition be dismissed because more than a year had elapsed between Petitioner's judgment becoming final and the filing of his first PRP. (R&R 3-4 (Dkt. No. 18).) Petitioner argued that his state court judgment did not become final until January 5, 2007, when the court of appeals issued its mandate. (*Id.*) Judge Tsuchida correctly noted that the Ninth Circuit has specifically rejected this proposition, *see Wixom v. Washington*, 264 F.3d 894, 897–88 (9th Cir. 2001), and explained that the state court judgment became "final" under AEDPA on November 24, 2005, thirty days after the Washington Court of Appeals affirmed his conviction. (R&R 3-4 (Dkt. No. 18).) This Court agrees with Judge Tsuchida that Petitioner filed his first PRP more than one year after his state court judgment became final.

In his objections to the R&R, however, Petitioner argues that "the date on which the factual predicate of [his] claim . . . could have been discovered through the exercise of due diligence" was January 4, 2008, when he "discovered" that the enhanced 240-month statutory maximum had been applied to his sentence (Objection 1 (Dkt. No. 20)); therefore, he argues, the limitation period began to run on that date rather than the date his judgment became final. *See* 28

ORDER – 3

U.S.C. § 2254(d)(1)(D). Petitioner argues that "[t]he State has unclean hands in this matter, since it came late to the table with its reason" for allowing the enhanced sentence. (Objection 3 (Dkt. No. 20).) However, as Respondent explained in its motion to dismiss, Petitioner never argued that his sentence exceeded the statutory maximum until filing his motion to modify or correct his sentence, which was later treated as a second PRP. (*See* Mot. to Dismiss 2–8 (Dkt. No. 13) (quoting the grounds raised in each of Petitioner's appeals and collateral challenges).) Once petitioner did raise this argument, the State promptly explained why it was incorrect as a matter of state law. (*See* Dkt. No. 13-11 at 2–7.) Had Petitioner diligently researched the relevant law, he could have raised his challenge as early as sentencing, so 28 U.S.C. § 2254(d)(1)(D) does not apply. Instead, the limitation period began to run on November 24, 2005, the date his state court judgment became final, and the petition is untimely for the reasons explained in the R&R.

Accordingly, the Court hereby ORDERS:

(1) The Court adopts the Report and Recommendation;

(2) This action is DISMISSED; and

(3) The Clerk of Court is directed to send copies of this Order to the parties and to Magistrate Judge Brain A. Tsuchida.

DATED this 21st day of April, 2009.

JOHN C. COUGHENOUR
United States District Judge

ORDER – 4